```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                    SOUTHEASTERN DIVISION
```

| | | |
|---|---|---|
| **JAMES KIRBY SWINEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:06CV131(LMB) |
| | ) | |
| **STATE OF TEXAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant plaintiff provisional leave to proceed in forma pauperis, subject to modification by the United States District Court for the Western District of Texas, where this case will be transferred.

Named as defendants in this action are the State of Texas; Comal County, Texas; the City of New Braunfels, Texas; Christopher Scott, a police officer for the New Braunfels Police Department; Michael O. Penshorn, a detective with the New Braunfels Police Department; John Baily, an investigator with the Comal County Sheriff's Department; Dib Waldrip, district attorney for Comal County; Douglas Wakeman Williams, a resident of Canyon Lake, Texas; Tracy Gillis, a resident of New Braunfels, Texas;

1

and Russell Johnson, Chief of Police for the New Braunfels Police Department.  Plaintiff contends that the defendants violated several of his federally protected rights.

Venue is improper in the Eastern District of Missouri. Pursuant to 28 U.S.C. § 1391(b),

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This action, at least in part, is an civil rights action pursuant to 42 U.S.C. § 1983, and, therefore, jurisdiction is not founded solely on diversity of citizenship.  The named defendants appear to be all located within the Western District of Texas and the events giving rise to plaintiff's claims occurred in that district.  Consequently, venue lies in the Western District of Texas, see 28 U.S.C. § 124(d)(4) (Comal County located in Western District of Texas), not in the Eastern District of Missouri.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**, subject to modification by the Western District of Texas.

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404.

Dated this 24th day of October, 2006.

_____
**CATHERINE D. PERRY**
**UNITED STATES DISTRICT JUDGE**

3